RENDERED: JANUARY 8, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0251-WC

BRENDA MARKS                                          APPELLANT

                   PETITION FOR REVIEW OF A DECISION
v.                OF THE WORKERS' COMPENSATION BOARD
                          ACTION NO. WC-17-93657

BAPTIST HEALTHCARE SYSTEM,
INC.; HONORABLE BRENT
DYE, ADMINISTRATIVE LAW
JUDGE; KENTUCKY WORKERS'
COMPENSATION BOARD; AND
HONORABLE DANIEL CAMERON,
ATTORNEY GENERAL OF KENTUCKY                 APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE: LAMBERT, MCNEILL, AND TAYLOR, JUDGES.

TAYLOR, JUDGE: Brenda Marks petitions this Court to review a January 24,

2020, Opinion of the Workers' Compensation Board (Board) affirming the

Administrative Law Judge's (ALJ) award of permanent partial disability benefits and permanent total disability benefits for two separate work-related injuries. We affirm.

Marks was employed by Baptist Healthcare, Inc., as a housekeeper. She suffered two separate work-related injuries; the first injury was to her right shoulder on June 24, 2016, and the second was to her left shoulder on February 11, 2017.

As a result of these injuries, Marks filed claims for workers' compensation benefits. In an Opinion, Award, and Order rendered February 22, 2019, the ALJ awarded Marks permanent partial disability benefits for the June 24, 2016, right shoulder injury and permanent total disability benefits for the February 11, 2017, left shoulder injury. The ALJ also concluded that Kentucky Revised Statutes (KRS) 342.730(4), as amended on July 14, 2018, retroactively applied to Marks' claims.[1]

Marks sought review with the Board. Marks argued that the ALJ erred by retroactively applying the amended version of KRS 342.730(4) and the retroactive application of KRS 342.730(4) was unconstitutional. By Opinion entered January 24, 2020, the Board affirmed the ALJ's award. The Board concluded that the ALJ properly applied KRS 342.730(4) retroactively to Marks'

---

[1] Brenda Marks was born on August 12, 1951.

claims and cited as authority *Holcim v. Swinford*, 581 S.W.3d 37 (Ky. 2019). As the Board lacked authority to pass upon the constitutionality of a statute, the Board did not reach the merits of Marks' constitutional challenge to the retroactive application of the amended version of KRS 342.730(4). This review follows.

Marks contends that retroactive application of the amended KRS 342.730(4) is unconstitutional. In particular, Marks argues that retroactive application of the amended KRS 342.730(4) violates the Contract Clause set forth in Article 1, Section 10 of the United States Constitution and in Section 19 of the Kentucky Constitution:

> The retro-active [sic] provisions of KRS 342.730(4) significantly decrease the benefits available to an injured worker. Here, the provisions arguably decrease Brenda's benefits by her life expectancy after she reaches age 70. Pursuant to the life expectancy tables of 803 KAR 25:036 used in workers' compensation claims, that is 15.5 years for a 70-year-old-woman. Therefore, the retro-active [sic] provisions impair the obligation of the contract for workers' compensation benefits. These retroactive provisions did not remedy a broad and general social or economic problem. . . .
>
> The injured worker is not allowed to reject the exclusivity provisions of workers' compensation after the injury, and the injured worker's benefits are set as of the date of the injury. Accordingly, the retroactive provisions of KRS 342.730(4) should be voided. . . .

Marks' Brief at 9.

We begin by setting forth KRS 342.730(4), as amended July 14, 2018:

-3-

All income benefits payable pursuant to this chapter shall terminate as of the date upon which the employee reaches the age of seventy (70), or four (4) years after the employee's injury or last exposure, whichever last occurs. In like manner all income benefits payable pursuant to this chapter to spouses and dependents shall terminate as of the date upon which the employee would have reached age seventy (70) or four (4) years after the employee's date of injury or date of last exposure, whichever last occurs.

The Kentucky Supreme Court has set forth the following standard to determine whether a statute violates the Contract Clause:

(1) whether the legislation operates as a substantial impairment of a contractual relationship; (2) if so, then the inquiry turns to whether there is a significant and legitimate public purpose behind the regulation, such as the remedying of a broad and general social or economic problem; and (3) if, as in this case, the government is a party to the contract, we examine "whether that impairment is nonetheless permissible as a legitimate exercise of the state's sovereign powers," and we determine if the impairment is "upon reasonable conditions and of a character appropriate to the public purpose justifying its adoption."

*Maze v. Bd. of Dirs. for Commonwealth Postsecondary Educ. Prepaid Tuition Trust Fund*, 559 S.W.3d 354, 369 (Ky. 2018). Our analysis shall proceed accordingly.

First, as to whether the amended KRS 342.730(4) substantially impairs the contractual relationship, we believe that it does not. In determining whether a contractual relationship is substantially impaired, the Kentucky Supreme

-4-

Court has instructed that "[a] significant consideration . . . is the extent to which the industry . . . [has been] subject to the contract . . . [being] regulated in the past." *Maze*, 559 S.W.3d at 370 (citations omitted). Emphasizing this point of law, the Supreme Court noted that "[o]ne whose rights, such as they are, are subject to state restriction, cannot remove them from the power of the State by making a contract about them." *Id.* (quoting *Hudson Water Co. v. McCarter*, 209 U.S. 349, 357 (1908)). The rights of workers' compensation claimants are subject to legislative enactment, including the duration of income benefits. Consequently, we think that Marks' contractual rights were not substantially impaired by retroactive application of KRS 342.730(4).

Second, we must examine whether there is a legitimate public purpose that supports the retroactive application of KRS 342.730(4). By limiting the duration of income benefits, the amended KRS 342.730(4) decreases the duplication of benefits by limiting the amount of time a worker receives both income benefits and social security benefits, and it results in significant savings to the workers' compensation system. We, thus, conclude that a legitimate public purpose exists for retroactive application of KRS 342.730(4).

Third, we must determine "whether the adjustment of 'the rights and responsibilities of contracting parties [is based] upon reasonable conditions and [is] of a character appropriate to the public purpose justifying [the legislation's]

adoption.'" *Maze*, 559 S.W.3d at 372 (quoting *U.S. Trust Co. of New York v. New Jersey*, 431 U.S. 1, 22 (1977)). And, "[w]hen the state itself is not a contracting party, '[a]s is customary in reviewing economic and social regulation, . . . courts properly defer to legislative judgment as to the necessity and reasonableness of a particular measure.'" *Maze*, 559 S.W.3d at 372 (quoting *United States Trust*, 431 U.S. at 22-23)). As the state is not a party to the contract herein, we must defer to legislative judgment. Accordingly, we are of the opinion that retroactive application of KRS 342.730(4) does not offend the Contract Clause of the United States Constitution or the Kentucky Constitution.

We view any remaining contentions as moot.

In sum, we cannot conclude that the Board misconstrued controlling statutes or precedent or committed an error in assessing the evidence. *W. Baptist Hospital v. Kelly*, 827 S.W.2d 685, 687-88 (Ky. 1992).

For the foregoing reasons, we affirm the Opinion of the Workers' Compensation Board.

ALL CONCUR.

BRIEF FOR APPELLANT:

Scott F. Scheynost
Louisville, Kentucky

BRIEF FOR APPELLEE BAPTIST
HEALTHCARE SYSTEM, INC.:

Douglas A. U'Sellis
Louisville, Kentucky

BRIEF FOR APPELLEE
HONORABLE DANIEL CAMERON,
ATTORNEY GENERAL OF
KENTUCKY:

S. Chad Meredith
Matthew F. Kuhn
Frankfort, Kentucky